# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHNNY RAY CHANDLER,

    Plaintiff,

v.    No. CIV-98-1483 M/RJD

DONALD DORSEY, WARDEN,
JUAN IBARRA, UNIT MANAGER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint (Doc. #1) filed December 1, 1998; petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. #4) filed December 30, 1998 (together the "complaint"); and motion to amend (Doc. #6) filed January 12, 1999. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the motion to amend will be denied and the complaint will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v.*



*Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was placed in disciplinary segregation without prior notice or hearing, in violation of his right of procedural due process. Plaintiff seeks an order returning him to general population, or even (in the habeas petition) release from custody. The motion to amend makes no additional allegations or claims but seeks leave to add a prayer for damages.

Whether brought under § 1983 or 2241, Plaintiff's allegations do not support a claim upon which relief can be granted. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court re-examined due process standards for inmate disciplinary matters and ruled that denial of an inmate's request to call witnesses at a disciplinary hearing does not necessarily offend due process. *Id.*, 515 U.S. at 487. In *Sandin*, as here, the punishment complained of was involuntary segregated confinement, and the Court announced its ruling thus:

> States may...create liberty interests which are protected by the Due Process Clause.... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
> ....
> ... We hold that Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest....
> ...
> ... [or which would] invoke the procedural guarantees of the Due Process Clause.

2

515 U.S. at 483-84, 486-87 (citations omitted). Plaintiff's factual allegations fall squarely within this pronouncement, and thus no relief can be granted on his § 1983 claim.

Nor is relief available under § 2241. Although a habeas proceeding can serve to challenge certain conditions of confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & n.15 (1973), because Plaintiff is not "challenging the very fact or duration of his physical imprisonment," *id.* at 500; *Green v. Knowles*, 153 F.3d 727 (Table, text in Westlaw), 1998 WL 458561 (10th Cir. 1998), his allegations do not support a habeas petition. Last, in his motion to amend, Plaintiff asserts no new allegations or claims but seeks only to add a request for damages. "It is well settled that the prayer for relief is no part of the cause of action...," *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955), and thus allowing the requested amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. The motion to amend will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. #6) filed January 12, 1999, is DENIED;

IT IS FURTHER ORDERED that Plaintiff's civil rights complaint (Doc. #1) filed December 1, 1998, and petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. #4) filed December 30, 1998 (together the "complaint") are DISMISSED; all other pending motions are DENIED as moot; and an order of dismissal shall be entered in accordance with this opinion.

---
UNITED STATES DISTRICT JUDGE