IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY RAY CHANDLER,

       Plaintiff,

vs.                                               No. CIV 98-1483 M/LCS

DONALD DORSEY, Warden, et al.,

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion for Judgment on the Pleadings, filed on February 1, 1999. The Court, having considered the Motion and the applicable law, proposes finding that it is not well-taken and recommends that it be denied.

Plaintiff Johnny Ray Chandler ("Chandler") filed Complaints on December 1, 1998 and December 30, 1998, alleging claims under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2241. The District Court dismissed the Complaints *sua sponte* on January 28, 1999. On February 1, 1999 Chandler filed the present Motion, and on February 4, he filed a notice of appeal of the January 28, 1999 Order, and a Motion for Appointment of Counsel or *Amicus Curiae*. On February 24, 1999 this Court denied his Motion for Appointment of Counsel or *Amicus Curiae* on the grounds that such a request should be addressed to the Court of Appeals. On February 25, 1999 the Court of Appeals abated the proceedings on the appeal until this Court decided the February 1, 1999 Motion, because that Court construed this Motion as a motion for reconsideration under Fed.R.Civ.P. 59(e).

1

Chandler contends that the Court failed to act on two motions he filed; a Motion to Proceed *In Forma Pauperis* and a Motion for Default for Failure to Respond. As to his first contention, the record reflects that his Motion to Proceed *In Forma Pauperis* was granted on December 23, 1998. See Order Granting Leave to Proceed Pursuant to 28 U.S.C. Sec. 1915(b) and to Cure Defects (docket entry # 3). Since his claim that the Court failed to act on this Motion is incorrect, it cannot form the basis for reconsideration of the Court's January 28, 1999 Order.

As to his second contention, his contention that the Court failed to act on his Motion for Default is also incorrect, it was denied on January 28, 1999. Since the Court of Appeals construed Chandler's Motion for Judgment on the Pleadings as a motion for reconsideration of that denial [1], this Court will analyze the correctness of that ruling.

Denying Petitioner's Motion for Default on grounds of mootness was correct; because Chandler's Complaints were being dismissed for failure to state a claim, any default by the Defendants would be immaterial. *Compare Cross v. Fong Eu*, 430 F. Supp. 1036 (N.D. Cal. 1977). Denial of the motion on the merits would also have been correct; because Defendants were never served with process, their time to answer the Complaint had not even started running when the Complaint was dismissed. *See* Fed.R.Civ.P. 12(a).

Because I propose finding that the Court did rule on Chandler's Motion to Proceed *In Forma Pauperis* and Motion for Default, I recommend that his Motion for Judgment on the Pleadings, (docket entry # 10), be denied. Further, because I propose finding no error in either

---

[1] This is an *extremely* liberal construction. Chandler's motion did not say that the Court's decision to deny his Motion for Default was incorrect; what he said was that he never received a ruling on the Motion. See Plaintiff's Motion for Judgment on the Pleadings, (docket entry #10), p.2. Chandler either didn't read or didn't understand the January 28, 1999 Order's statement that "all other pending motions are denied as moot."

2

the Court's granting of his Motion to Proceed *In Forma Pauperis* or the Court's denying his Motion for Default, I also recommend denying his Motion for Judgment on the Pleadings to the extent it is construed as a Motion for Reconsideration.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b), file objections to them. A party must file its objections within ten days if that party desires review; in the absence of timely filed objections, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____

Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE